## THE WILMINGTON RAILWAY BRIDGE CO. *v.* BOARD of COMMIS SIONERS OF NEW HANOVER COUNTY.

The payment of the tax upon the franchise of a Railroad corporation, under the act of 1872-'73, Chap. 115, does not exempt the corporation from the payment of County and State taxes, properly levied upon its road-bed, superstructure, &c.

(The preceding case of *The Wilmington, Columbia & Augusta Railroad Co.* v. *The Board of Commissioners of Brunswick County*, cited and approved.)

PETITION, for relief from taxation, heard upon appeal, by his honor, *Judge Russell*, at Chambers, in the county of NEW HANOVER, the 29th day of May, 1874.

The plaintiff, a corporation organized under an Ordinance of the Convention of 1866, amended by an Act of the General Assembly, ratified the 28th day of February, 1867, petitions the Board of Commissioners of New Hanover county, to be relieved from certain taxes: alleging that the line of railroad held by the corporation extends from the eastern side of the north eastern branch of the Cape Fear river, across said branch and the strip of land, (about two miles wide,) between the same and the north western branch of said river, and across said last named branch, to the bluff on its southern side in the county of Brunswick; and that said bridges and line of railroad are held by the plaintiff corporation, being its only property, which is used by the Carolina Central Railway Company and the Wilmington, Columbia and Augusta Railroad Company. That these two railroads, under the law of the 28th February, 1873, have listed and given in by their proper officers, the value of their respective franchises in each county in the State through which the said roads run, and including the whole of the line of railroad and bridges held by the plaintiff, which has been duly assessed and the tax upon such franchises paid.

The plaintiff corporation owns no rolling stock, or property of any kind other than its franchise, in connection with the line of road and the bridges before referred to, which are in fact part of the lines of the two companies mentioned, the exclusive use thereof being vested in said companies in perpetuity, by a formal covenant and agreement entered into some years ago between the said railroad companies and the plaintiff.

The plaintiff insists, that its only interest and estate in the lines of railroad and bridges referred to, is the franchise or right of way over the same, the value of which has been listed and assessed, and the taxes due thereon have been paid as hereinbefore stated; and that the company was not bound to give in, or list the same, or to pay the taxes which have been assessed thereon by the Board; which assessment the plaintiff insists, is unauthorized and not in accordance with the act of Assembly.

The Board of Commissioners, disclaiming any right to tax the franchise of the plaintiff corporation, decided it had a right to tax the property, &c., and that the assessment was not excessive; judgment was given against the plaintiff for costs, from which the company appealed.

Upon the hearing before his Honor, he reversed the decision of the Board, whereupon the Commissioners appealed to this Court.

*A. T. & J. London* and *M. London*, for appellants.
*Strange* and *Smith & Strong*, contra.

RODMAN, J.   The question in this case we conceive to be substantially the same with that decided in the *Wilmington, Columbia and Augusta R. R. Co. v. Commissoners of Brunswick.*

We do not think it was desired that we should pass on the liabilities to the payment of the tax as between the Bridge Company and its lessees, the railroad companies. We conceive the question intended to be presented to be, whether the tax levied under a valuation of the franchise of the Bridge Company under the act of 1871–'72, chap. 115, by the Governor and his associates exempts the Bridge Company from taxation upon its real estate as valued by the township trustees, subject to the revision of the county commissioners under the general law providing for the taxation of all real estate by an uniform rule. In the case cited, we have decided that the plaintiff's company is not exempt, and it is unnecessary to go over the reasoning again.

PER CURIAM.   Judgment below reversed, and judgment for defendant.