JAMES KYLE v. THE MAYOR AND COMMISSIONERS OF FAY-
ETTEVILLE and J. W. MALLETT, Tax Collector.

Shares of stock in a National Bank are proper subjects of State, County and municipal taxation. Such shares owned by non-residents are to be taxed in the city or town where the Bank is located and not elsewhere.

All assessments of property for taxation, under the Constitution, must be made by the Township Board of Trustees.

(*W. C. & A. R. R. Co.* v. *Commissioners of Brunswick,* 72 N. C. Rep.; 15, cited and approved.)

This was a CIVIL ACTION, for injunction and other relief, heard before His Honor, Judge BUXTON, at Chambers, in CUMBERLAND County, on the 20th day of November, 1875.

Plaintiff alleged in his complaint that he is a non-resident of the State; that he was the owner of one hundred and eight shares of stock in the "People's National Bank of Fayetteville," on April 1st, 1875; that the same had been placed by the tax list takers for the town of Fayetteville upon the tax list, and that plaintiff had been assessed the sum of $182.50 as taxes thereon; that the tax list had been placed in the hands of the defendant Mallett for collection, and that he had levied upon certain real estate of the plaintiff, and advertised the same for sale, to satisfy said tax assessment. Plaintiff asked that defendants be restrained from selling said property, &c.

Upon this complaint his Honor granted a restraining order, and an order to defendants to show cause on November 20th why an injunction should not be granted as prayed for.

Defendants in their answer admitted the main allegations of the complaint, but they insisted that the tax assessed on plaintiff's shares of stock was uniform and at the same rate as was levied upon all other property subject to taxation in the town of Fayetteville, and that the same was valid and according to law.

Upon the hearing, his Honor held that the assessment for taxation of plaintiff's shares of stock by the authorities of the town of Fayetteville, and all proceedings thereunder were without authority of law, and granted the injunction.

From which order defendants appealed.

*Ray*, for appellant.
*McRae & Broadfoot*, contra.

BYNUM, J. It is admitted that the town of Fayetteville possesses the power of taxation for corporate purposes, by virtue of its charter and the general laws of the State.

This concession, we think, is decisive of the case before

us. For whenever the power is exercised, all taxes, whether State, county or town, by force of the Constitution, must be imposed upon all the real and personal property, money, credits, investments in bonds, stocks, joint stock companies, or otherwise, situate in the State, county or town, except property exempted by the Constitution. Art. V, secs. 3 and 7; Art. VII, sec. 9.

It is the provision, and was the purpose of the Constitution, that thereafter there should be no discrimination in taxation in favor of any class, person, or interest, but that every thing, real and personal, possessing value as property, and the subject of ownership, shall be taxed equally and by a uniform rule.

In this respect the present Constitution shows no favors and allows no discretion. If, then, the town of Fayetteville has the power to tax, the Constitution steps forward and commands that *all* property shall be taxed and by a uniform rule. Shares in a National Bank are investments in stocks, and comprise the largest portion of the monied wealth of the country. They are not only a proper subject of taxation in themselves, but are made taxable expressly both by the Constitution of the State and the National Banking Act which brought them into existence and stamped upon them their character. *National Bank* v. *Commonwealth*, 9 Wall., 353; 4 Wall., 244. The Banking Act, ratified the 3d of June, 1864, and amended by an act ratified the 10th of February, 1868, confers upon the *States in which they are located* the power of taxing the shares in National Banks. There are two restrictions upon the power. The first is that the tax shall be no greater than is imposed upon other monied capital in the hands of individual citizens of such State. The second is that shares owned by non-residents of any State shall be taxed *in the city or town where the Bank is located and not elsewhere.* Therefore, if non-resident shareholders are not taxed in the State, county and town where the Bank is,

they escape taxation altogether. Taxation is prohibited in the State of the non-resident. Such gross inequality and injustice was never intended and is expressly provided against. By the Banking Act it is wholly immaterial where the shareholder lives. The taxing power looks not for the invidual, but for the Bank. Where that is found the shares are taxed by the State, county or city of its locality.

In our view it was unnecessary for the Revenue Act of the State or the charter of the town of Fayetteville to tax specifically the National Bank shares of either residents or nonresidents.

Whenever and wherever these institutions spring into existence, and become the heads of monied investment and the representatives of wealth, the Constitution seizes them and exacts from them their proportional share of the public burdens. Neither the Legislature or the town corporation can exempt them from taxation without doing violence to the Constitution.

In the view we have taken of this case, it is unnecessary to examine the several revenue and other acts of the Legislature, cited and commented upon in the argument. It is enough to know, first, that Congress has impressed these bank shares with the character of taxable property in the States where located. Second, that the Constitution of the State requires that all the property of the plaintiff in the State, including these investments, is to be taxed equally. And third, that the town of Fayetteville possesses the power to tax, and has levied the tax upon the bank shares, *ad valorem*, and uniform, as upon other property.

It is not alleged that the town tax is not uniform with the tax upon similar property, or that the assessment is in excess of that made by the township trustees. No point is made upon that. But it is proper to say, that all assessments of property for taxation, under the Constitution, must be made by the Township Board of Trustees. Art. VII, sec. 6.

We have heretofore decided that this Board must assess the value of property for State and County taxation, and we think, for the same reasons of convenience and uniformity, that city and town taxation should be based upon the same valuation as that for the State and county. *Wil., Col, & A. A. R. R. Co.* v. *Commissioners of Brunswick,* 72 N. C. Rep., 15.

There is error. Judgment reversed, injunction dissolved and action dismissed.

PER CURIAM. Judgment accordingly.