S. H. WILEY v. THE COMMISSIONERS OF SALISBURY.

*Taxation of Corporations—Municipal Corporations—Constitution—Shares of Stock—Residence.*

1. The shares of stock in a corporation doing business outside the corporate limits of a town, and owned by persons residing therein, are not subject to taxation by the town under its charter authorizing the taxation of real and personal property, moneys, bonds, stocks and other subjects, liable to taxation under the laws and Constitution of the State.

2. The property in such stock does not follow and is not fixed by the *situs* of the residence of its owner, but is fixed by the Legislature prescribing where and how it shall be listed and taxed, *i. e.*, at its principal place of business.

This was a CONTROVERSY without action submitted upon a case agreed under section 567 of *The Code,* heard before *McIver, J.,* at Chambers at the February Term, 1892, of ROWAN Superior Court.

The Court gave judgment for the defendant, and the plaintiff appealed.

The following are the material facts:

1. The plaintiff is a resident of the town of Salisbury, and has been for many years, and is the owner of four hundred (400) shares of the capital stock of the Salisbury Cotton Mills, of the par value of one hundred dollars per share.

2. The said Salisbury Cotton Mills is a corporation duly created and organized by and under the laws of this State.

3. The defendant is a municipal corporation chartered by the laws of this State.

4. The said Salisbury Cotton Mills owns a mill and other property, all of which is situate outside of the corporate limits of the town of Salisbury; that the said Salisbury Cotton Mills owns no property, either real or personal within the corporate limits of said town of Salisbury, and that its office is situate outside of said town.

5. In the year 1891 at the time required for listing property for taxation in said town, the plaintiff refused and failed to give in to the list-taker for said town, the defendant, said four hundred shares of the capital stock of said Salisbury Cotton Mills, claiming that they were not liable to taxation by said town.

6. By order of the Board of Commissioners of said town, said four hundred shares of capital stock in the said Salisbury Cotton Mills, owned by plaintiff as aforesaid, were ordered to be placed by the list taker for said town on the list for taxation and were assessed and valued at par, that being the valuation rendered by said Salisbury Cotton Mills to the list-takers and assessors for the State tax and adopted by them.

7. The assessed valuation of all the real and personal property of said corporation, the Salisbury Cotton Mills, as rendered to and adopted by the list-takers and assessors for State and county tax was one hundred and fifty thousand dollars, and the valuation of the fifteen hundred shares, in all, of the capital stock of said corporation, as rendered to and adopted by them, was a like amount of one hundred and fifty thousand dollars, and no remainder was listed by them as capital stock of said corporation.

8. The said Board of Commissioners, the defendant, at the regular meeting in 1891, levied a tax of three-fourths of one

per cent., or seventy-five cents on one hundred dollars worth of property, on all real and personal property, including solvent credits and stocks in incorporated companies.

9. The tax-list for the year 1891 was placed in the hands of George Shaver, the tax-collector of said town, who made demand upon plaintiff for the sum of three hundred dollars, being the amount of the tax so levied upon the four hundred shares of the said capital stock so owned by plaintiff, and placed upon the tax-list of said town as aforesaid, and plaintiff, under protest, paid the same, and holds therefor the receipt of the said tax-collector for the said town.

10. The plaintiff has made demand in writing upon the defendant, the said Board of Commissioners of the town of Salisbury, and upon its said tax-collector, for the return of said amount of three hundred dollars so paid as taxes under protest, and the defendant and its said tax-collector refused, and still refuse, to pay the same over to plaintiff.

11. The charter of the town of Salisbury provides "that the Board of Commisioners may," &c. Chapter 34, Private Laws of North Carolina, 1885, entitled "An Act to amend the charter of the town of Salisbury," ratified the 23d day of February, 1885, which is made a part of this case.

The question submitted is whether the shares of stock owned by plaintiff are subject to taxation by defendant, and liable to the levy so made by it.

Plaintiff demands judgment for three hundred dollars and for costs.

Defendant demands judgment for costs.

*Mr. T. F. Kluttz,* for plaintiff.
*Mr. Kerr Craige,* for defendant.

BURWELL, J.: The Constitution (Article VII, § 9) provides that all taxes levied by any county, city, town or township shall be uniform and *ad valorem* upon all property in the same,

and (Article V, § 3) that laws shall be passed taxing *by a uniform rule* all moneys, credits, investment in bonds, stocks, joint stock companies or otherwise, and also all real and personal property, according to its true value in money.

These provisions of the organic law have been often construed by this Court, and from the decisions the following principle of taxation in this State may be considered as now firmly established :

1. "It is the provision, and was the purpose of the Constitution, that thereafter there should be no discrimination in taxation in favor of any class, person or interest, but that everything real and personal, possessing value as property and the subject of ownership, shall be taxed *equally, and by a uniform rule.* In this respect the present Constitution shows no favor and allows no discretion." *Kyle* v. *Commissioners,* 75 N. C., 445.

2. That all levies of taxes, whether by the State or by a county, city, town or township, must be laid by *one uniform rule,* to-wit, the rule established by the legislative department of the State government in its revenue acts. Kyle's case, *supra ; Redmond* v. *Commissioners,* 106 N. C., 122.

The Legislature, acting under these mandates of the Constitution, as interpreted by this Court, has established a system of taxation embraced in what are known as the " Revenue Act" and the " Machinery Act," and has determined where and by whom all the property, real and personal, within the State, shall be listed or returned, and how and by whom its taxable value shall be ascertained; and it has been held that the rules and regulations so fixed for the guidance of the officers charged with the listing and assessment of property for purposes of State taxation, govern and control the action of county and other municipal officers charged with the listing and assessment of property for municipal taxation. *Railroad* v. *Wilmington,* 72 N. C., 73; Kyle's case, *supra; Cobb* v. *Elizabeth City,* 75 N. C., 1; *Covington* v. *Rockingham,* 93 N. C., 134.

It seems to follow, from the cases above cited, that if the Legislature has established a "uniform rule" for the listing and assessment for taxation of stock in domestic manufacturing corporations, the tax of which the plaintiff complains is invalid if the Board of Commissioners of the town of Salisbury violated that "uniform rule" when they assessed that tax against the plaintiff and required him to pay it. The inquiry, then, is—

Has the Legislature established a uniform rule for the listing and assessment for taxation of stock in domestic manufacturing corporations?

And this inquiry seems especially pertinent in this case, for the charter of the defendant provides (Private Laws 1885, ch. 34, sec. 14) that the Board of Commissioners of said town shall have power to levy taxes on real and personal property, moneys, bonds, stocks and other subjects "which may be liable to taxation according to the Constitution and the Laws." And section 18 of said charter is as follows: "The real and personal property assessed for town taxation shall be according to the valuation for State taxes; and the Clerk of the Board of Commissioners for said town, or other suitable person, shall advertise and take the list of taxables in the town at the time and in the manner prescribed by law for the collection of State taxes."

It seems, therefore, that the Legislature, not content with the general law governing the action of municipal officers in matters of taxation, as above stated, emphatically declared in the charter of this town that its Board of Commissioners should list the taxables at the time and in the manner prescribed by law for State taxes.

In section three of the act to raise revenue, ratified March 2, 1891, it is enacted that "there shall be levied and collected annually an *ad valorem* tax of twenty-five cents on every one hundred dollars value of real and personal property in this State, and moneys, credits, investments in bonds, stocks, joint-stock

111—26

companies, or otherwise, *required to be listed* in " An Act to provide for the assessment of property and collection of taxes." From this provision it appears that the plaintiff's stock was not to be taxed unless the last named act (commonly called the Machinery Act) required it to be listed. We turn, therefore, to this last named act (Laws 1891, ch. 326) to ascertain if it is " required to be listed," and we find in section fifteen the provisions : " Persons owning shares in incorporated companies, taxable by law, are *not* required to deliver to the list-taker a list thereof, but the president or other chief officer shall deliver to the list-taker a list of *all* the shares of stock held therein and the value thereof, except banks. The tax assessed on shares of stock embraced in said list shall be paid by the corporation respectively." " All personal property, except such shares of capital stock and other property as are directed to be listed otherwise in this act, shall be listed in the township in which the person so charged resides on the first day of June. The residence of a corporation, partnership or joint-stock association, for the purposes of this act, shall be deemed to be in the township in which its principal|office or place of business is situated." And section forty-one of the act is as follows :

"Bridge, express, ferry, gas, manufacturing, mining, savings bank, stage, steamboat, street railroad, transportation and all other companies and associations incorporated under the laws of this State, except insurance companies, shall, in addition to the other property required by this act to be listed, make out and deliver to the assessor a sworn statement of the amount of its capital stock, setting forth particularly—

" 1. The name of the location of company or association.

" 2. The amount of capital stock authorized and the number of shares into which such capital stock is divided.

" 3. The amount of capital stock paid up.

" 4. The market value, or if no market value, then the actual value of the shares of stock.

"5. The assessed valuation of all its real and personal property (which real and personal property shall be listed and valued as other real and personal property is listed and assessed under this chapter).

" The aggregate amount of the fifth item shall be deducted from the aggregate value of its shares of stock as provided by the fourth item, and the remainder, if any, shall be listed by the list-taker in the name of such company or corporation as capital stock thereof."

Thus it is seen that the Legislature has established a " uniform rule " for the taxation of the property of all such manufacturing corporations as the Salisbury Cotton Mills, and under that rule the plaintiff was not required to list his stock in that corporation for State taxation ; and because, as we have seen, this uniform rule binds the municipal officers or list-takers also, the plaintiff was not required to list it for taxation with them, and since this stock of the plaintiff was not required to be listed for town taxation, it cannot be taxed by the municipality.

But it may be said this stock is personal property; being such, it follows the person ; it is therefore property within the town and must be taxed. Redmond's case, *supra.* The reply to this argument is that while it is true that such personal property, for general purposes, follows the person of the owner, the Legislature has power to fix the *situs* of all such taxables, and it has, in effect, by the enactments heretofore quoted, fixed the *situs* of stock in domestic, manufacturing and other named corporations at " the residence " of such corporation, which is defined to be where its principal office or other place of business is. The plaintiff's certificates of stock are merely evidences of his " right to a certain proportion of the capital stock " of the corporation, and for purposes of revenue the *situs* of that stock could be put by the Legislature at the principal place of the business of the com-

pany. *Redmond* v. *Commissioners,* 106 N. C., 122; *Buie* v. *Commissioners,* 79 N. C., 267.

We therefore conclude that the Legislature has adopted a uniform rule for the taxation of the shares of stock, such as the plaintiff's in the Salisbury Cotton Mills, and that under that rule the plaintiff was not required to list such stock either for State, county or town purposes.

We conclude, therefore, that the method for taxing domestic corporations prescribed in the Act of 1891, which is the same as the Act of 1887, is valid ; and that by it the plaintiff was not required to list his stock in the Salisbury Cotton Mills for town taxation, and that upon the facts agreed upon his Honor should have given judgment in his favor.

Error.