S. V. PICKENS v. COMMISSIONERS OF HENDERSON COUNTY.

*Taxation—Equalization—Excessive Valuation.*

1. The term "excessive valuation," as used in sec. 78, ch. 326, Acts of 1891, relating to the valuation of real estate for taxation, means a valuation exceeding that which was adjudged to be proper by the boards authorized by the act to finally determine such valuation.

2. The term "excessive" tax, as used in the said section, means a tax exceeding what the tax would be if correctly calculated at the legal rate on the adjudged valuation as determined or approved by the Board of County Commissioners.

3. In an action by a tax-payer against the County Commissioners to recover the amount of an alleged excessive tax paid by him he is not entitled to recover unless he can show that the valuation of his property upon the tax-books is greater than that fixed by the proper authorities, or that the tax which he has been forced to pay was greater than it would have been if correctly computed at the legal rate on the adjudged valuation.

This was an ACTION, commenced before a Justice of the Peace and carried to the Superior Court of HENDERSON County, and tried before *Armfield, J.*, and a jury, at Fall Term, 1892.

The plaintiff filed the following complaint, viz: The plaintiff complains:

1. That the defendants, Commissioners as aforesaid, collected, or caused to be collected, as a tax for 1891, on the plaintiff's Summit Hill property, the sum of $45.80, as due county and State upon an assessment of 1891.

2. That said assessment was invalid, excessive and unequal to other surrounding property.

3. That said $45.80 was paid to T. C. Israel, Sheriff of said county, whom said defendants had instructed and ordered to collect the said taxes for said year 1891, under the protest of the plaintiff, on March 11, 1891.

4. That within thirty days after said payment the plaintiff did demand in writing of the Treasurer of said county the said sum of $45.80, and that the Treasurer refused to pay or refund the same, or any part thereof, and that more than ninety days have passed since such demand, and no such payment has been made.

The defendants filed an answer admitting the allegations of the first, third and fourth paragraphs and denying those of the second, and asked that said action be dismissed on the ground that the plaintiff had mistaken his remedy in such cases.

When the case was called for trial the defendants moved the Court to decide that the only redress the plaintiff had against an unequal or excessive assessment on his land by the assessors was the remedy given by the Laws of 1891, chapter 326, sections 25, 26 and 27, on application to the Board of Commissioners, and that the remedy given in section 78 of said chapter 326 is a remedy in favor of those who pay taxes that are levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid or excessive, and that the words *invalid* or *excessive* have no reference to excessive assessments, but to excessive or invalid levies.

The plaintiff proved on the trial that he had applied to the Board of Commissioners for redress under sections 25, 26 and 27. The Court, being of a different opinion, over-ruled the defendant's motion, and defendant excepted.

The following issue was submitted to the jury:

What was the true value in money at the time of the assessment of the Summit Hill property?

There was no contention on the part of the plaintiff, nor proof offered to show any error, illegality, invalidity or excess in the levy of the taxes, but the whole of the evidence was directed to the question as to whether the property mentioned in said complaint was assessed too high or in excess of adjacent or similar property in the same locality.

The Court charged the jury that they should find from the evidence what the true market value of the property was at the date of the assessment, which they found to be $2,500. This was $1,250 less than the assessment complained of.

Upon this verdict the Court gave judgment for plaintiff for $15.76, and the defendants appealed.

*Mr. T. J. Rickman*, for plaintiff.

*Messrs. W. A. Smith* and *Busbee & Busbee*, for defendants (appellants).

BURWELL, J.: The contention of the plaintiff is that, though his land was appraised for taxation according to the provisions of the Act of 1891, chapter 326, entitled " An Act to Provide for the Assessment of Property and Collection of Taxes," he is entitled to have that property reappraised by a jury, and to recover back the difference between the tax he has paid on that property and what the tax would have been had it been valued at the sum fixed by the jury as its "true value in money."

The act referred to provides for the valuation of real estate for taxation by sworn assessors appointed for that purpose, who are required to return their lists of assessments to the County Commissioners, and this latter body, in conjunction with the chairmen of the boards of list-takers and assessors of the several townships and wards of cities and towns, is constituted by section 7 of the act a board of equalization, *to equalize the valuation* so that each tract or lot shall be *entered on the tax-list at its true value in money.*

This is to be done on the first Monday of July of each year. Section 25 provides that the Board of Commissioners shall, by advertisement, notify the public that they will meet on the second Monday in July to hear the complaints of all persons who object to the valuation put upon their property, and to revise the valuation, having power to summon witnesses before them.

The appraisements of real estate thus fixed by the Board of County Commissioners are those which must be used for all State, county, township and city or town taxation for the year, because of the requirement of the Constitution

*that all taxes* shall be laid by a uniform rule.   *Kyle* v. *Commissioners*, 75 N. C., 445.

It seems, therefore, most important that the valuation of real estate for taxation, for the making of which the revenue law of the State has so carefully provided, shall be final and stable.   And a consideration of sections 7, 24 and 25 of the act shows very plainly that intent on the part of the Legislature.   Three times, according to the act, these appraisements are considered by sworn officers: First, by the township or ward assessors; secondly, by the board of equalization; and thirdly, by the Board of County Commissioners alone.   And to the meeting of this body, whose session for that purpose must be held on the day fixed by the statute (second Monday in July), all property owners are duly notified to appear and complain of the valuation of their real estate, if they have any complaint to make.

These portions of the act appear to clearly indicate a purpose to make the conclusion of this last tribunal a final determination of these matters, so that upon the valuation so fixed the officers of the county and of the cities and towns therein may calculate, with some degree of certainty, what to expect from that source of revenue.

Now it is said to be an elementary rule of construction "that all the parts of the act relating to the same subject should be considered together, and not each by itself.   By such a reading and consideration of a statute its object or general intent is sought for, and the consistent auxiliary effect of each individual part.   Flexible language, which may be used in a restricted or extensive sense, will be construed to make it consistent with the purpose of the act and the intended modes of its operation as indicated by such general intent, survey and comparison."   Southerland on Statutory Construction, sec. 215.

Applying this rule of construction to the terms of section 78 of the act, upon which the plaintiff relies, we must interpret "excessive valuation," as there used, to mean a valuation exceeding that which was adjudged to be proper by the boards authorized by the act to finally determine such valuation, and "excessive" tax to mean a tax exceeding what the tax would be if correctly calculated at the legal rate on the adjudged valuation, as determined or approved by the Board of Commissioners.

Hence the plaintiff is not entitled to recover anything by his action, unless he can show that the valuation of his property upon the tax-books in the hands of the Sheriff is greater than that fixed upon it by the proper authorities under sections 7, 24 and 25 of the act under consideration, or that the tax which he has been forced to pay on this property was greater than it would have been if correctly computed at the legal rate on the adjudged valuation.

New Trial.