THE POCOMOKE GUANO COMPANY v. J. W. BIDDLE, SHERIFF OF CRAVEN COUNTY.

(Filed 6 March, 1912.)

### 1. Taxation—Inspection Tax—Constitutional Law.

The levy of the inspection tax under Revisal, sec. 3955, is constitutional and valid.

### 2. Same—Property Tax.

Article V, sec. 3, of our Constitution imperatively requires that all real and personal property be taxed by a uniform rule according to its true value in money, and Revisal, sec. 3955, providing for the levy of an inspection tax, will not be so construed as to relieve manufacturers of fertilizers or fertilizing material, paying this inspection tax, from the payment of property tax required by the Constitution.

### 3. Same—Interstate Commerce.

While the State may not levy an *ad valorem* or other tax on personal property in transit in the course of interstate commerce, the principle does not apply when the property (fertilizers in this case) is stored within the State by a nonresident for the purposes of sale and distribution.

APPEAL from *Carter, J.,* at October Term, 1911, of CRAVEN.

This was a civil action instituted by the plaintiff to restrain the defendant sheriff from collecting certain State and county

taxes levied on the property of the plaintiff, and for the purpose of having said taxes declared illegal and void and having the same stricken from the tax books. The plaintiff and defendant submitted the matter to the court upon an agreed statement of facts. Judgment was rendered against the plaintiff, and it appealed.

*Moore & Dunn, Peatross & Savage for plaintiff.*
*E. M. Green and R. A. Nunn for defendant.*

BROWN, J. An analysis of the facts agreed shows:

1. That plaintiff, a Virginia corporation, doing a fertilizer business in this State, and paying taxes on its property in Virginia, owned personal property, valued at some $25,000, stored on 1 June, 1910, in a warehouse in Craven County. The property consisted of fertilizer and fertilizer materials.

2. That said property was not listed for taxation, and plaintiff has paid no tax thereon, but has paid the tonnage tax collected for the purpose of defraying expenses connected with the inspection of fertilizers, as provided for in section 3955, Revisal of 1905.

3. That said property was held by plaintiff until it had thereafter sold the same to various and sundry customers.

4. That the board of county commissioners for the county of Craven placed the said property on the delinquent tax list of said county, and by virtue of said tax list the sheriff of said county has demanded payment of the regular taxes thereon.

The plaintiff contends:

1. That section 3955 of the Revisal of 1905 exempts said property from said tax.

2. That the said tax is illegal and void and is an interference with interstate commerce, "and plaintiff especially pleads the Federal statute applying to such interstate commerce and the Constitution of the United States regulating the same as a defense to the collection of the tax levied and assessed against it."

3. That said property is not liable for taxation both within the State of Virginia and the State of North Carolina.

4. That said tax is a double tax.

The plaintiff does not in this proceeding attack the constitutionality of the inspection tax levied under said section, and

which has been collected regularly for many years. The right to levy such taxes has been sustained by the Supreme Court of the United States in *Patapsco Guano Co. v. North Carolina Board of Agriculture,* 171 U. S., 345, and reaffirmed in the recent case of the *Red "C" Oil Co. v. North Carolina Board of Agriculture.*

The plaintiff claims exemption from an *ad valorem* tax upon its property by reason of the following language contained in the statute:

"Whenever any manufacturer of fertilizers or fertilizing materials shall have paid the charges required by this section, his goods shall not be liable to any further tax, whether by city, town, or county," and it is a part of section 3955 of the Revisal of 1905.

Whatever may have been the intention of the General Assembly in employing language so broad and comprehensive, we are forced to the conclusion that under the Constitution of North Carolina all real and personal property owned and located within the borders of the State is subject to an *ad valorem* tax, and it is not to be supposed that the Legislature intended to violate the fundamental law of the State, Art. V, sec. 3, which requires in express terms that all real and personal property be taxed by a uniform rule according to its true value in money.

In this respect the Constitution "shows no favor and allows no discretion." *Wiley v. Commissioners,* 111 N. C., 397; *Puitt v. Commissioners,* 94 N. C., 709; *Vaughan v. Murfreesboro,* 96 N. C., 319.

The imperative demand to levy the property tax upon its assessed value is in no way connected with the right to levy an inspection tax, or a tax on trades, professions, etc.

These principles of taxation have been discussed and enforced in many cases, and a further elaboration of them is now unnecessary.

We are of the opinion that the personal property of the plaintiff stored in North Carolina, and owned and located within its borders, is liable to the *ad valorem* tax imposed upon the property of the citizens of the State.

It is undoubtedly true that personal property actually in transit is not subject to State taxation. *Kelly v. Rhoads,* 188 U. S., 1. In this case it is said:

"The law upon this subject, so far as it concerns interference with interstate commerce, is settled by several cases in this Court, which hold that property actually in transit is exempt from local taxation, although if it be stored for an indefinite time during such transit, at least for other than natural causes or lack of facilities for immediate transportation, it may be lawfully assessed by the local authorities."

After citing several cases, viz., *Brown v. Houston,* 114 U. S., 622, 29 L. Ed., 257; *Pittsburg and S. Canal Co. v. Bates,* 156 U. S., 577, 39 L. Ed., 538; *Coe v. Errol,* 116 U. S., 517, 29 L. Ed., 715, and discussing them, *Mr. Justice Brown* continues:

"The substance of these cases is that, while the property is at rest for an indefinite time awaiting transportation, or awaiting a sale at its place of destination, or at an intermediate point, it is subject to taxation. But if it be actually in transit to another State, it becomes the subject of interstate commerce, and is exempt from local assessment."

The facts agreed show that the fertilizer sought to be taxed was not in transit, but had reached its destination, and was stored in Craven County for purposes of sale or distribution.

We think it unnecessary to discuss the matter more at length, as the authorities cited seem to dispose of plaintiff's contentions.

Affirmed.