POCOMOKE GUANO COMPANY v. THE CITY OF NEW BERN ET AL.

(Filed 18 October, 1916.)

1. **Taxation—Tax List—Personalty Omitted—Back Taxes—County Commissioners.**

> Where specific property has been omitted from the tax list by the owner or person required by law to list it, the county commissioners shall enter the same on the duplicate of the next succeeding year in which it shall have escaped taxation; and the aldermen of a city shall do likewise. Revisal, sec. 5232.

2. **Taxation—Uniformity—Constitutional Law — Equalization—Statutes—Excessive Valuation.**

> Our Constitution requires that all taxes, whether levied by State, county, city, or town, shall be laid by a uniform rule, which can only be done, as to property, by providing for one valuation; and by statute creating a county board of equalization, with authority to hear and determine complaints as to proper valuation and excessive rates, etc., Revisal, secs. 5234, 5235, 5236, the county board is given exclusive original jurisdiction to grant relief against excessive valuation, and the valuation thus determined by it is binding upon cities and towns and must be adopted by them.

3. **Same—Pleadings—Demurrer.**

> The complaint in an action against a city to recover for taxes paid must allege that the valuation complained of is greater than that fixed by the county board of equalization, or the tax he was forced to pay was greater than it would have been if correctly computed at the legal rate on the valuation properly ascertained, or a demurrer thereto will be sustained.

THIS action is brought to recover certain alleged excessive taxes paid to defendant by plaintiff on fertilizing material stored in defendant's warehouses in the city of New Bern during years 1907, 8, 9, and 10. The cause was heard by *Devin, J.,* at April Term, 1916, of CRAVEN, upon the pleadings, and a demurrer *ore tenus* sustained upon the ground that the complaint failed to state a cause of action. No amendment to complaint was asked. From the judgment dismissing the action, the plaintiff appealed.

*Moore & Dunn for plaintiffs.*
*R. A. Nunn for defendants.*

BROWN, J. The plaintiff alleges that defendant placed its fertilizer upon the tax lists for the years named and valued it at an excessive valuation, refusing to hear evidence as to its actual value, as requested by defendant.

The plaintiff paid the taxes upon such assessed valuation to defendant, and sues to recover back the taxes upon the difference between what plaintiff alleges is the actual value of the fertilizer on hand during those years and the taxes as assessed. Plaintiff admits that it failed to list said fertilizer or any part of it for taxation during those years.

The plaintiff is a Virginia corporation, and claimed that its manufactured fertilizer stored in New Bern during those years for sale was not subject to local *ad valorem* taxation, and sought to enjoin the county authorities from placing the fertilizer upon the tax books for those years and from collecting the taxes which they had assessed thereon.

The case was appealed to this Court, and it was held that while the State may not levy an *ad valorem* or other tax on personal property in transit in the course of interstate commerce, the principle does not apply to property stored within the State by a nonresident for purposes of sale and distribution. 158 N. C., 212.

Under that decision we assume that the county of Craven collected the taxes upon plaintiff's fertilizer stored in New Bern during that period.

The defendants contend that the plaintiff is not entitled to recover anything by this action, unless it is alleged and proven that the valuation of its property upon the tax books in the hands of the city tax collector is greater than that fixed upon it by the proper authorities, viz., the board of commissioners for the county of Craven, or that the tax which it has been forced to pay on the property was greater than it would have been if correctly computed at the legal rate on the adjudged valuation.

Our laws provide that the board of county commissioners and the chairman of the board of list takers and assessors of the several townships and wards of cities and towns shall contitute a board of equalization for the county (Revisal, sec. 5234); to such board the returns of the list takers and assessors are made. It is provided that the board of commissioners of the county shall hear all persons objecting to the valuation of their property or the amount of tax charged against them; that such board shall ascertain the valuation of property by examination of witnesses or otherwise, and insert it in the abstract (sec. 5235); and it is further provided that taxpayers may complain to the board of commissioners of the county if their property has been improperly valued, or if the taxpayer is charged with an excessive tax, etc. (sec. 5236).

In all cases where any specific property shall have been omitted from the tax list by the owner or person required by law to list the same, the board of commissioners shall enter the same on the duplicate of the next succeeding year, and shall add to the taxes of the current year the simple taxes of such preceding year, not exceeding five years, in which such personal property shall have escaped taxation, and the board of commissioners shall value and assess the personal property for those years; and the board of aldermen of the city shall do likewise (sec. 5232).

Our Constitution requires that all taxes, whether levied by State, county, city, or town, shall be laid by a uniform rule, and this can only be done by providing for one valuation only upon property. *Kyle v. Comrs.,* 75 N. C., 445.

This valuation is made by the county authorities, who have exclusive original jurisdiction to grant relief against excessive valuation. Their valuation is binding upon the cities and towns, and must be adopted by them. When the county authorities reduce such valuation, the other municipal authorities must do likewise. *Wade v. Comrs.,* 74 N. C., 81.

The valuation upon personal property is made by the taxpayer when he lists his property, and is binding upon the list taker, but it may be corrected by the county commissioners or board of equalization *at the date fixed by the statute,* upon due notice to the taxpayer.

It follows, therefore, that "excessive valuation" as used in the various Machinery Acts means a valuation exceeding that which is fixed by the county authorities, and the "excessive tax" that may be recovered back by the taxpayer is a tax exceeding what the tax would be if correctly calculated at the legal rate on the valuation as finally fixed by the county authorities.

It is, therefore, incumbent upon the plaintiff, in order to set out a good cause of action, to allege that the tax it seeks to recover was levied upon a valuation greater than that fixed by the county authorities; that is to say, that the tax plaintiff has been forced to pay was greater than it would have been if correctly computed at the legal rate on the adjudged valuation. It is the difference that plaintiff would be entitled to recover. *Pickens v. Comrs.,* 112 N. C., 699.

*Lumber Co. v. Smith,* 146 N. C., 199, cited by plaintiff, has no relation to the question presented by this appeal. In that case this Court held that the county authorities have no right to place solvent credits or other personal property upon the tax lists and assess taxes thereon, although the taxpayer may have omitted such property from his tax list, unless they give the taxpayer due notice and an opportunity to be heard. An injunction was granted prohibiting the collection of such tax.

It is true, the plaintiff avers that the city aldermen refused to hear plaintiff upon the application to reduce the valuation of the fertilizer, but *cui bono?* A hearing would have been fruitless, since the aldermen had no jurisdiction to change such valuation.

Affirmed.