CHARLES S. BRYAN AND MRS. ALICE H. BRYAN v. CRAVEN COUNTY AND J. A. PATTERSON, TAX COLLECTOR, B. O. JONES, COUNTY AUDITOR, CITY OF NEW BERN, EDWARD CLARK, TAX COLLECTOR, AND GEORGE C. JONES, CITY AUDITOR.

(Filed 14 June, 1933.)

1. **Taxation D c—Owner held entitled to apportionment of taxes to lots comprising property listed as entity.**

Where land comprising several city lots is listed for taxation as one lot, and thereafter the owners execute an option on a part of the land: *Held*, under the provisions of C. S., 7987, as amended by chapter 306, Public Laws of 1929 and by chapter 83, Public Laws of 1931, it is lawful for the taxing authorities to apportion the taxes upon application of the owners even though the application is made after the land has been sold for taxes but before foreclosure of the tax certificate, and a judgment ordering that the lot optioned be released from the tax lien upon the payment of the taxes apportioned against it together with the payment of the personal property tax assessed against the owners will be upheld, the statute applying to cases in which a subdivision of property has been made and the land assessed as an entity and it being immaterial whether the subdivision was made before or after the adoption of the amendment.

2. **Statutes B a—**

A statutory regulation affecting method or procedure may be regarded as merely directory unless the procedure relates to a positive and essential legislative requirement.

3. **Taxation D a—**

Where an option on certain land is executed to the Government on 20 May of a certain year and is followed by deed delivered to the Government 29 July, the land is subject to the taxes for the year, C. S., 7987, and also is land which the owners contract to dedicate to a city which contract is executed 27 June.

4. **Taxation C a—**

The valuation of property for taxation as fixed by the county is binding on the city in which the land is situate.

APPEAL by defendants from *Grady, J.,* at April Term, 1933, of CRAVEN.

This is a controversy without action submitted upon the following agreed statement of facts:

1. On 1 January, 1930, Charles S. Bryan and Alice H. Bryan owned lots Nos. 280, 281, 282, and 283, in the plan of New Bern, N. C., Charles S. Bryan being seized of an estate in fee simple, subject to the life estate of Alice H. Bryan, in and to said lands.

2. Said land is bounded on the east by Middle Street, on the north by New Street, on the west by Hancock Street, and on the south by lots Nos. 252, 253, 254, and 255 in the plan of said city.

3. Said land was valued and assessed for taxation by duly appointed list taker and assessors of said county in manner following, viz.: No. 152 Middle Street, at a total valuation for the years 1927 to 1930, inclusive, of $54,000, and at a total valuation for the years 1931 and 1932 of $48,500. Based on the assessors' notations appearing on the original assessment records, the following distribution of the said valuations appears equitable and just:

### FOR THE YEAR 1930

| | |
|---|---|
| 214 ft. x 164 ft. on Middle Street at $100............ | $21,400.00 |
| 100 ft. x 214 ft. on New Street at $50.................. | 5,000.00 |
| 214 ft. x 164 ft. on Hancock Street at $50............ | 10,700.00 |
| Buildings on Middle Street.................................. | 15,400.00 |
| Buildings on Hancock Street. .. .... .... .. ........ | 1,500.00 |
| | $54,000.00 |

### FOR THE YEARS 1931 AND 1932

| | |
|---|---|
| 214 ft. x 164 ft. on Middle Street at $100. .......... | $21,400.00 |
| 100 ft. x 214 ft. on New Street at $50 ................. | 5,000,00 |
| 214 ft. x 164 ft. on Hancock Street at $50. .......... | 10,700.00 |
| Buildings on Middle Street .................................. | 10,400.00 |
| Buildings on Hancock Street . . ........ .............. | 1,000.00 |
| | $48,500.00 |

For the years 1930, 1931, and 1932, and prior thereto all said lots Nos. 280, 281, 282, and 283 were listed as one lot as follows: 1 lot No. 152 Middle Street; and for the years 1930 and 1931 they were sold for taxes as 1 lot No. 152 Middle Street; and during all said times and for many years prior thereto were used as residence and home of the late James A. Bryan, and since his death to April, 1932, as home and home-site of his widow, Alice H. Bryan.

5. Said Charles S. Bryan and Alice H. Bryan contracted in writing by option 20 May, 1931, to deliver to the United States of America a good and sufficient deed for a lot bounded as follows, . . . ; said lot being a portion of said lands valued and assessed for taxation as aforesaid as Middle Street lot at $100 per front foot on Middle Street; and in addition thereto said Charles S. Bryan and Alice H. Bryan agreed to dedicate and convey to the city of New Bern a strip of land 20 feet in width and extending from said United States lot westwardly along New Street to Hancock Street for the purpose of widening New

Street; said strip of land being portions of said lands valued and assessed as aforesaid as New Street lot and Hancock Street lot at $50 per front foot on New and Hancock streets.

6. By contract in writing dated 4 June, 1932, following said option signed by the United States and executed and delivered by the plaintiffs to the United States on 27 June, 1932, and followed by deeds, possession of which deeds was delivered 29 July, 1932, to United States, the plaintiffs sold to the United States the said lot 200 feet x 164 feet for a post-office site and to the city of New Bern the strip of land 20 feet in width along New Street. There has been no tender or delivery of the deed to the city of New Bern for the 20 foot strip for the street.

7. Neither county nor city taxes have been paid on said lands since the payment of taxes for the year 1929. All said lands listed as "1 lot No. 152 Middle Street valued $54,000, and personalty valued $3,900," was sold 2 November, 1932, to Craven County, for the taxes of 1930, amounting to $1,201.65, as will more fully and at large appear from the certificate issued to said county; and all said land listed as "1 lot No. 152 Middle Street valued $48,500, and personalty valued $5,100," was sold 3 October, 1932, to said county for the taxes of 1931, amounting to $928.75, as will more fully and at large appear from the certificate issued to said county; all said land values, assessed and listed as aforesaid, was sold 2 November, 1931, to said city for the taxes of 1930, amounting to $725.75, and sold 7 November, 1932, to said city for the taxes of 1931, amounting to $672, as will more fully and at large appear by reference to the certificates issued to said city and copies of which are attached hereto; but no foreclosure suit has been begun.

8. If subject to apportionment: Of the whole county tax of $1,201.69 on the whole of said land and all personalty of said Alice H. Bryan, for the year 1930, the sum of $764.31 is fairly chargeable against said post-office site and the strip of land dedicated for street purposes; and of the whole city tax of $725.75 on the whole of said land and all personalty of said Alice H. Bryan for the year 1930, the sum of $458.56 is fairly chargeable against said post-office site and said strip of land.

If subject to apportionment: Of the whole county tax of $928.75 on the whole of said land and all personalty of said Alice H. Bryan for the year 1931, the sum of $580.81 is fairly chargeable against said post-office site and strip of land; and of the whole city tax of $672 on the whole of said land and all personalty of Alice H. Bryan for the year 1931, the sum of $415.81 is fairly chargeable against said post-office site and said strip of land.

If subject to apportionment: Of the whole county tax of $816.00 on the whole of said land and all personalty of said Alice H. Bryan for the

year 1932, the sum of $565.60 is fairly chargeable against said post-office site and strip of land; and of the whole city tax of $586.50 on the whole of said land and all personalty of said Alice H. Bryan for the year 1932, the sum of $395.14 is fairly chargeable against said post-office site and said strip of land, if said post-office site and strip of land is liable for taxes of 1932.

9. On or about 3 April, 1933, Charles S. Bryan and Alice H. Bryan requested said J. A. Patterson, special tax collector, and B. O. Jones, auditor of said county, to investigate and determine the pro rata part of said assessments justly applicable to the lot sold and conveyed as aforesaid to the United States and to the strip of land dedicated and conveyed as aforesaid to the city of New Bern, and they have determined same to be as hereinbefore set out, and plaintiffs have tendered payment of the tax, fairly ascertained to be due against same, together with all tax charged against the personal property of said Alice H. Bryan in whose name said land is charged and assessed for taxes, and have requested said tax collector and auditor to release said lot conveyed as aforesaid to the United States and said strip of land conveyed as aforesaid to the said city, from the tax lien.

10. The plaintiff, Mrs. Alice H. Bryan, tax lister and life tenant of said property and liable for taxes thereon, applied to county auditor of Craven County on ........ February, 1933, for first time to prorate the taxes on lot agreed to be sold to the United States for post-office site.

11. The United States has never paid the plaintiffs the purchase price for said post-office site, but has delayed payment of said purchase price because of the nonpayment of taxes thereon and the transaction has never been closed. Said purchase money has not been listed for taxes. Charles S. Bryan is a nonresident of North Carolina and receives $29,500 of the $35,000.

12. Upon execution of said contract of 4 June, 1932, accepted 27 June, 1932, by plaintiffs, the United States caused its engineers to place concrete markers at each corner of said lot and had its architect to make plans for the public building; had borings made to test foundation on different parts of the site and the contract provided upon 60 days notice from the government the plaintiff, Charles S. Bryan, should remove all buildings from and clear the site to the satisfaction of the custodian of government property. That the servant of Alice H. Bryan has lived on the property not contracted to be sold and looked after all the property up to present date for this plaintiff but the furniture of Charles S. Bryan remained in the mansion until December, 1932, and 18 January, 1933, the government gave notice to Charles S. Bryan to remove all buildings and clear the site, etc., within 60 days from date of such notice and same were removed within said time, the keys of

said mansion were held by the life tenant until December, 1932, and then turned over to Charles S. Bryan in whom the building was reserved.

In the Superior Court it was adjudged that the post-office site and the twenty-foot strip are subject to taxation for 1932; that the defendants have a right to separate said land conveyed to the United States and said strip dedicated to the city from the balance of the Bryan lot for the taxes assessed for the years 1930, 1931 and 1932, and they are hereby separated from the remaining part of the Bryan property for said years, leaving the unpaid part of the taxes for said years due both the county and city in force as against the part of the Bryan property not so being conveyed to the United States and not so being dedicated to the city; that the specific sums set out in the judgment are chargeable against the post-office site and the 20-foot strip for the respective years; and that upon payment of these sums the officers give receipts therefor and the designated site and strip be discharged from the tax liens of the county and city. The judgment contains other provisions which need not be recited.

The defendants excepted to the judgment and appealed.

*W. H. Lee and Warren & Warren for appellants.*
*R. A. Nunn, Ernest M. Green and Ward & Ward for appellees.*

ADAMS, J. The lot on which the late James A. Bryan had his residence in the city of New Bern was formerly listed for taxation as "Lot No. 152 Middle Street." Subsequently Charles S. Bryan acquired the title in fee to this property, subject to the life estate of Mrs. Alice H. Bryan. Lot 152 was composed of four city lots numbered 280, 281, 282, 283. On 20 May, 1931, the owners executed and delivered to the United States a written option of purchase, for a post-office site at a fixed price, the lot fronting on Middle and New streets, and at the same time agreed to dedicate and convey to the city of New Bern a strip of land twenty feet in width extending along New Street from the lot described in the option to Hancock Street. The lot on which the option was given and the 20-foot strip are a part of lot 152. The plaintiffs conveyed title to the post-office site on 29 July, 1932, and received the purchase money on 14 April, 1933, but they have not tendered to the city a deed for the 20-foot strip for widening the street.

On 2 November, 1931, the sheriff of Craven County sold lot 152 Middle Street for the delinquent taxes of 1930, and again on 3 October, 1932, for the delinquent taxes of 1931, and on these respective dates issued certificates of sale to the county of Craven. On 2 November, 1931, the same land was sold for the city taxes of 1930, and on 7 November, 1932, for the city taxes of 1931, and certificates of sale were issued

by the municipal tax collector to the city of New Bern. For the taxes of 1932 no sale has been made.

The appellants' assignments of error present the question whether the trial court committed error in holding that the lot sold to the United States for a post-office site and the 20-foot strip dedicated to the city of New Bern can be segregated from the remainder of the property and released from the lien of taxes for the years 1930, 1931, and 1932, upon payment of the respective sums found to be their "equitable and just" burden of taxation under the proposed apportionment.

In reference to real property it is provided that the lien of the State, county, and municipal taxes levied for any and all purposes in each year shall attach to all real estate of the taxpayer situated within the county or other municipality by which the tax list is placed in the sheriff's hands, on the first day of June, annually, and shall continue until such taxes, with any penalty and costs which shall accrue thereon, shall be paid. C. S., 7987.

The General Assembly amended this statute in 1929 by providing that the tax lien should be preferred to any other lien upon the real estate of the taxpayer within the county and to the inchoate right of dower or the curtesy initiate. Public Laws, 1929, chap. 306. In 1931 this was followed by other amendments. Public Laws, 1931, chap. 83. The second proviso of the latter act is in these words: "In all cases where tracts of land have been subdivided into lots, but have been returned, charged, and assessed as a whole tract, the sheriff or other tax collecting officer, together with the auditor, county accountant or other agency performing the duties of such auditor or accountant, shall, upon application of any person interested, make an investigation and determine the pro rata part of said assessment justly applicable to any lot or lots, and shall thereupon, upon payment of the tax fairly ascertained to be due against such lot or lots, together with a ratable share of the tax charged against the personal property of the party in whose name the land is charged and assessed at any time prior to the commencement of the advertisement of such property for sale for taxes prior to the sale of said property for taxes, release the said lot from the tax lien. However, the tax collector or sheriff shall require the owner, upon his application for a release, to pay all of his personal property tax charged on the return."

As the whole amount assessed against the personal property has been paid, the ultimate question is whether the tax can be apportioned as contended by the plaintiffs.

The defendants suggest two obstacles in the way of the apportionment. They say that the land must have been subdivided into lots but returned, charged, and assessed for taxation as "a whole tract." We do not regard

this as a fatal objection. It is admitted in the appellants' brief that lot 152, although listed and assessed as one lot, was composed of the four city lots heretofore described. The statute applies to cases in which the subdivision has been made and the lot has been assessed as an entity; the date of the subdivision, whether before or after the adoption of the amendment, is immaterial.

It is furthermore contended that the apportionment cannot be made after the land has been sold and the certificates of sale have been issued to the purchasers. The statute, though somewhat obscure, seems to indicate that the "application of any person interested" must be made prior to the time the property is advertised for sale. The plaintiffs argue that this clause is directory and that the application may be made at any time before the certificates are foreclosed. A regulation affecting a method is frequently regarded as directory, but a procedure may not be treated as directory when it contravenes a positive and essential legislative requirement. *Land Co. v. Smith,* 151 N. C., 70. According to the appellants' contentions the question is, not whether the plaintiffs can enforce the apportionment, but whether the defendants have a legal right to make it—the two interrogatories submitted to the court being whether the 20-foot strip of land is subject to the taxes of 1932 and whether it is lawful for the defendants to apportion the taxes that are due and uncollected. To each the court gave an affirmative answer, and we concur in the judgment. The valuation fixed by the county authorities is, of course, binding on the city. *R. R. v. Comrs.,* 188 N. C., 265; *Guano Co. v. New Bern,* 172 N. C., 258. Judgment

Affirmed.